EDWARD J. MANN, RESPONDENT, v. HARRY J. MAX, IMPLEADED, &c., APPELLANT.

Submitted March 24, 1919—Decided June 20, 1919.

An owner of land abutting on a public street employed a contractor under written contract to build a building thereon. The contractor employed a subcontractor for the mason work, and the latter in prosecution of his work erected scaffolding projecting over the sidewalk against which plaintiff, passing at night, struck his head and was injured. *Held*, that no liability of the owner was shown, neither the work nor the scaffold being in itself a nuisance, and both being under control of a contractor exercising an independent employment.

---

On appeal from Hudson County Circuit Court.

For the appellant, *Runyon & Autenreith*.

For the respondent, *Alexander Simpson*.

The opinion of the court was delivered by

PARKER, J. The plaintiff, walking along the sidewalk of a public street in Jersey City, at night, struck his head against

a beam of a scaffold used in the erection of a new building on land of the appellant, and sustained personal injuries for which he recovered a judgment against appellant, which is the subject of this appeal. At the trial it appeared without dispute that appellant had made a general contract with one Balene for the erection of the building; that Balene had by further contract sublet the mason work thereon to one Giordano, and that the scaffold was put up by Giordano's employes in the prosecution of the work under the subcontract. It does not appear that plaintiff brought any suit against Giordano; he did bring suit against Balene, and later added appellant, Max, as owner. At the trial the court directed a verdict in favor of Balene, the principal contractor, but gave the case to the jury as against appellant, and this ruling, and the denial of a motion to nonsuit, are the principal grounds of appeal. The questions that the jury were instructed to decide as conditions of appellant's liability were, first, was the scaffold, though erected by Giordano, a nuisance? And, secondly, if so, had it existed as such long enough for a reasonable owner to notice the fact and take proper steps to abate it?

We find ourselves unable to subscribe to this theory, or to see any theory of the evidence upon which the defendant's liability could be predicated. As a general rule, it may be conceded that any private erection obstructing a public street is *prima facie* a nuisance; but this is subject to several important exceptions, mostly connected with the reasonable use by an abutting owner of his private property. Thus, he is entitled to stand teams and vehicles in front of his property for a reasonable time; obstruct the sidewalk temporarily to receive and deliver goods (37 *Cyc.* 208; *Tompkins* v. *North Hudson Railway Co.*, 63 *N. J. L.* 322; *Callanan* v. *Gilman*, 107 *N. Y.* 360; 14 *N. E. Rep.* 264); pile building materials in the street in front of his premises, during the erection of a building thereon, and keep them there for a reasonable time (*Friedman* v. *Snare & Triest Co.*, 71 *N. J. L.* 605; *O'Linda* v. *Lothrop*, 21 *Pick.* 292), and, as a necessary

incident of building, maintain scaffolds, cranes and similar appliances needed in the erection of the outside walls. Such obstructions are an every-day matter in our larger cities. Such use is, presumably, lawful, until it appears that it is unreasonable. See *King* v. *Norcross,* 196 *Mass.* 373 ; 82 *N. E. Rep.* 17. There is no question of the power of the municipality to regulate such use, and usually such regulations exist, but there is nothing in the present case on this point, and we are left to the common law rights of an abutting owner to build on his property, and make use of the ordinary appliances, and incidentally obstruct the street to a reasonable extent, in so doing.

A reasonable and proper scaffold being permissible, it was presumably lawful for the mason contractor to erect one ; and a scaffold would not be under the circumstances a nuisance *per se,* but, as we have said, a legitimate appliance for building purposes. And the rule is thoroughly settled that where one employs a contractor exercising an independent employment and hiring his own servants to do a work not in itself a nuisance, the contractor alone is liable for an injury resulting from the negligence of himself or his servants, unless the employer is in default in selecting an unskillful or an improper person as contractor. *Cuff* v. *Newark and New York Railroad Co.,* 35 *N. J. L.* 17, 574 ; *Redstrake* v. *Swayze,* 52 *Id.* 129, 414.

It is plain that the building of the new building was not a nuisance *per se;* nor was the doing of the mason work thereon, contracted by Balene to Giordano ; nor, as we have said, was the erection of a proper scaffold for the execution of that work. The owner had no control over either contractor as to the methods of his work ; so, that if Balene, or Giordano, in executing their contracts unreasonably obstructed the street, by needless piles of rubbish, or an improper scaffold, Max had no power to intervene except as a member of the public, and hence could not be accountable to a passer-by injured by a falling brick, or, as in this case, a projecting timber of a scaffold in use for the laying up of the

wall. The building was unfinished, and, normally, such a scaffold would remain till no longer needed, for the front wall, which was under erection; so, the question of its maintenance for an unreasonable time is out of the case.

The trial court properly directed a verdict in favor of Balene, evidently on the theory that he, as principal contractor, was not responsible for the negligent erection of the scaffold by his subcontractor. *A fortiori*, should a verdict have been directed for the owner, who, was one remove further away from Giordano, and for failure so to do the judgment must be reversed that a *venire de novo* issue.

Some point is made in respondent's brief of testimony that the owner employed a night watchman, as evidencing his control of the details of the operations; but we find nothing in this fact to negative the evidence showing the employment of independent contractors to do the work. If he chose to employ a watchman by the year to prevent depredations on his land, that was his affair and had no bearing on the freedom of action of Balene and Giordano under their contracts. The same is true of the owner's casual inspections from time to time.

The judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.