LAURA H. BUSH ET AL., APPELLANTS, v. SAMUEL MARGOLIS, RESPONDENT.

Argued May 20, 1925—Decided October 19, 1925.

Where the work of repair to a sidewalk is placed in the hands of an independent contractor, such work not being a nuisance, the contractor alone is liable for injury resulting from negligence of

himself or his servants, unless it is established that the owner of the land was in default in selecting a skillful and proper person, as a contractor, to perform the work.

———

On appeal from the Atlantic County Circuit Court.

For the appellants, *Clarence L. Cole.*

For the respondent, *Joseph F. Perskie.*

The opinion of the court was delivered by

CAMPBELL, J. This is an action by husband and wife for damages resulting from injuries to the wife caused by her falling over planking on the sidewalk in front of the property of the respondent, located at No. 140 South New Hampshire avenue, in Atlantic City.

The respondent lives in Philadelphia, and prior to opening his summer home in Atlantic City arranged to have the water supply turned on. This necessitated an opening in the cement sidewalk in front of the property.

A contractor by the name of Raphall Balestrieri was engaged to repair the sidewalk, and having made such repair placed planks over the fresh concrete and did not guard them by lights or any other method of warning. The appellant Laura H. Bush tripped over these planks and fell, sustaining injuries the night of the day when they had been placed over the repair to the sidewalk by Balestrieri.

At the conclusion of the trial the court below directed a verdict in favor of the defendant upon the ground that the negligence, if any, was that of an independent contractor. Upon this appeal two grounds for reversal of the judgment below are urged:

1. Because the defense pleaded is that the work of repair was done by an independent contractor and does not allege, and, therefore, cannot reach to the placing of the planks after the work was done.

2. Because, as defendant was in possession of the premises, it was his clear right and legal duty to place lights upon the obstruction.

We think that the judgment below should not be disturbed for either of these reasons.

The protection of the work was as much a part of the work of the contractor as the laying of the concrete itself. Furthermore, the contractor testified that he instructed his men to cover the new work in the proper way, which was either by sand or boards. The work of repair and the protection of the work not being a nuisance the contractor alone was liable for the injury resulting from the negligence of himself or his servants unless the employer was in default in selecting an unskilled or improper person as a contractor, and there is no contention here that the respondent was in default in that direction *Redstrake* v. *Swayze,* 52 *N. J. L.* 129; *Mann* v. *Max,* 93 *Id.* 191.

The judgment below is therefore affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 14.

*For reversal*—None.