MILDRED J. ROSENQUIST AND CARL O. ROSENQUIST, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. BROOK-DALE HOMES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, IN VOLUNTARY DISSOLUTION, DEFENDANT-APPELLANT.

Submitted May 15, 1945—Decided September 27, 1945.

For the appellant, *Cox & Walburg* (*William H. D. Cox* and *Harry E. Walburg,* of counsel).

For the respondents, *John Joseph Foerst* (*Louis K. Wilder,* of counsel).

The opinion of the court was delivered by

COLIE, J. Respondent, Brookdale Homes, Inc., appeals from a judgment of the Supreme Court affirming a judgment in favor of Mildred J. Rosenquist and Carl O. Rosenquist, entered in the Essex County Court of Common Pleas.

The facts are that the parties to this suit entered into a written contract on November 4th, 1940, by the terms of

which Brookdale Homes, Inc., agreed, for a consideration of $7,000, to sell to the Rosenquists a certain lot of land, in the Town of Bloomfield, upon which Brookdale Homes, Inc., agreed to erect a dwelling "in duplicate as to design, materials and workmanship" to a certain other specified house. The contract called for closing on January 15th, 1941, but on that date the house was not completed. Title passed and the Rosenquists took occupancy on February 1st, 1941, with the understanding that the house would be completed as specified. There then remained to be done certain brick veneering, grading, the erection of stoops and concrete approaches to the house and garage. Brookdale Homes, Inc., did none of the work itself but contracted with others to do it. The contract for the brickwork was contracted for with a Mr. Berkowitz and there is undisputed testimony that Berkowitz was not told how to do the work; that the manner in which it was done was left to Berkowitz. On February 17th, 1941, workmen employed by Berkowitz had occasion to mix concrete and they obtained the necessary water from a faucet on adjoining premises, to which they attached a hose. During the day, there apparently was some horseplay among the workmen and squirting of water on each other from the hose, and there was also testimony that the hose was left on the ground and water therefrom flowed over planking which extended from the curb to the front door. On the afternoon of the 17th, the weather turned cold and the workmen left the job. The water froze on the planks and thereafter a slight snowfall hid from Mrs. Rosenquist the icy condition of the planks and while walking on them, she sustained a fall and consequent injuries.

At the conclusion of the plaintiff's case, a motion for nonsuit was made and properly denied, there being at that point no evidence that Berkowitz had the status of an independent contractor. On the defendant's case, there was the undisputed testimony of the president of the defendant corporation that Berkowitz was not told how to do the job but that was left entirely to Berkowitz. It was further brought out that a Mr. Grobert, also an employee of the defendant, supervised the construction of the building and that if there were any complaints in reference to the construction of the house,

they were made to a Mr. Valleau, also an employee of Brookdale Homes, Inc.

The Supreme Court held that the proofs failed to support the defense of independent contractor. In this we think there was error. The undisputed evidence is that Brookdale Homes, Inc., did not reserve the right to direct the manner in which the work subcontracted to Berkowitz should be performed. There was testimony by the president of the defendant company that he promised to finish the uncompleted work; that it would be completed as soon as the weather permitted; that Mr. Grobert, the superintendent of the defendant company, took care of any complaints. It is not a reasonable inference to be drawn from this testimony that Brookdale Homes, Inc., retained the right to direct the manner in which the particular task should be performed. A promise to finish the uncompleted work and the fact that Mr. Grobert took care of any complaint does not spell out such control of the manner of performance of the work as to deprive Berkowitz of the status of an independent contractor.

It is said that this case is controlled by the decision of the Supreme Court in *Schutte* v. *United Electric Co.*, 68 *N. J. L.* 435, but we do not consider that case in point. In the Schutte case, the very work that was contracted for was negligently performed, but that is not the situation here. In the present case, the negligence upon which the cause of action is grounded is negligence in the manner of the performance of the work; negligence in permitting the planks to become icy. This negligence, assuming it to be such, is collateral to the work which Brookdale Homes, Inc., contracted to perform, namely, to erect a house duplicating in design, material and workmanship another specified building.

The governing rule is succinctly stated by the American Law Institute in 2 *Restatement of the Law of Torts*, § 426, that "an employer of an independent contractor is not liable for bodily harm caused by any negligence of the contractor which does not effect the result which the employer is under a duty to have attained but consists solely in the improper manner in which the contractor does the detail of the work necessary to attain such result." The obligation of Brook-

dale Homes, Inc., was to build a duplicate of a specified house and there is no evidence that the work which Berkowitz was performing fell short of the standard which the contract of Brookdale Homes, Inc., with the Rosenquists called for. The negligence, if any, of the employees of Berkowitz was collateral negligence and we find a pertinent comment under the cited section from the Restatement, to wit: "The negligence of a contractor in the course of performing work entrusted to him by his employer, which does not make the result falls short of that which it would be the employer's duty to attain, had he done the work himself, is collateral negligence." The rule governing this case is stated in *Mann* v. *Max*, 93 *N. J. L.* 191, to the effect "that where one employs a contractor exercising an independent employment and hiring his own servants to do a work not in itself a nuisance, the contractor alone is liable for an injury resulting from the negligence of himself or his servants, unless the employer is in default in selecting an unskillful or an improper person as contractor." The above rule has been followed in this court in a number of cases of which *Healy* v. *Sayre*, 113 *Id.* 308, is typical. Under the situation exhibited by the proofs, it was error to have denied the defendant's motion to direct a verdict in its favor.

The judgment under appeal is reversed, with costs.

*For affirmance*—RAFFERTY, DILL, JJ. 2.

*For reversal*—THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, COLIE, OLIPHANT, WELLS, FREUND, MCGEEHAN, JJ. 10.