HERBERT LEVINE, SAM LEVINE, JACK HIRSCH, BESSIE MENDELSOHN, AND ELSIE J. PEARL, A PARTNERSHIP, TRADING AS DUCHESS ROYAL, PLAINTIFFS-APPELLEES, v. PETER BOCHIARO, TRADING AS ANNETTE CONTRACTORS, DEFENDANT, AND ROSE PECORELLA AND GEORGE PECORELLA, DEFENDANTS-APPELLANTS.

Submitted January 22, 1947—Decided April 21, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the defendants-appellants, Rose Pecorella and George Pecorella, *Aaron Heller* and *Murray A. Laiks* (*Aaron Heller*, of counsel).

For the plaintiffs-appellees, *Adolph Schlesinger*.

The opinion of the court was delivered by

EASTWOOD, J. This is an appeal from a judgment of the District Court, without a jury, in favor of the plaintiffs-appellees, and against the defendants-appellants, Rose Pecorella and George Pecorella, in the sum of $500. A judgment of no cause of action was entered in favor of the defendant Peter Bochiaro, trading as Annette Contractors, and no appeal from that portion of the trial court's judgment has

been taken. We are, therefore, concerned solely with the propriety of the judgment entered against the defendants-appellants, Rose Pecorella and George Pecorella.

In their specification of determinations of the District Court, with which defendants-appellants are dissatisfied in point of law, two grounds for reversal are urged. They are: (1) that the work of repairing the oil burner in question was done by an independent contractor, experienced in the type of work and that, inasmuch as there was no evidence that the company that performed the work was unskillful or inexperienced, there was no liability as to the owner of the property, the defendants-appellants herein; and (2) that the action was one of alleged tort arising out of a contract and there was no privity of contract between the plaintiffs and these defendants, as result of which there was no liability.

The defendants Pecorella owned a building, part of which was rented to Bochiaro, who was in the business of making garments out of material furnished by customers, and who had in his possession for that purpose material belonging to the plaintiffs. The heating plant in that building was apparently defective, as it exploded and damaged the material of the plaintiffs, who sued Bochiaro, as their bailee and contractor, and the Pecorellas, as owners of the building, claiming negligence in the operation of the heating plant.

Under the rental arrangement between Annette Contractors and the Pecorellas, the latter as owners were required to furnish heat for that portion of the premises occupied by Annette Contractors. For some time prior to December 1st, 1945, the oil burner in the cellar of the premises had not been functioning properly, and in order that the same might be put in proper working order, defendant-appellant, George Pecorella, engaged the services of the Milos System Devices, a company long experienced in repairing oil burners.

Mr. Milos commenced his repair work about October 15th, 1945, and completed the work on November 30th, 1945. Milos and his own employees performed the work of repairing the oil burner. The work having been completed on November 30th, 1945, as stated, Milos started the oil burner for the

first time upon completion of the work. During the early hours of the morning of the next day, December 1st, 1945, an explosion of the oil burner occurred for reasons that are not clearly apparent. As a result of the explosion, a great quantity of soot, smoke and dirt permeated the premises of Annette Contractors with resultant damage to the merchandise of the plaintiffs-appellees, some of which had already been manufactured into women's slacks.

Addressing our attention to ground (1) for reversal, it is undisputed that the Pecorellas employed Milos System Devices for the purpose of making the necessary repairs to the oil burner to put it in good condition, and that no control over the repair work was retained by defendants-appellants. It is obvious, and we so hold, that Milos System Devices, under the circumstances, occupied the position of an independent contractor. The proofs disclose that Mr. Milos was in the business of servicing oil burners; that he was also a manufacturer and dealer in oil burners, and had been in the business of servicing, buying, selling and manufacturing oil burners for the last fifteen years. It has been agreed between the parties that he was engaged as an independent contractor to service the oil burner, to make whatever repairs might be necessary to put the burner in good running order; that he proceeded to perform his contract and was paid the sum of $859.30 for his work; that he commenced the work on October 15th, 1945, and that it was completed on November 30th, 1945; that Mr. Milos and his own employees performed all of the work in making the repairs, as he thought were necessary; that Milos and his employees started the boiler for the first time on November 30th, 1945, and that the explosion took place some time during the early hours of the morning of December 1st, 1945. Milos testified that, in his opinion, the work was done properly in accordance with regular standards of performing this type of work. He was unable to offer any explanation as to why the explosion occurred. *Per contra,* Neil C. Fisk, an engineering expert in heating equipment, testified on behalf of the plaintiffs-appellees, that, in his opinion, the oil burner had been improperly repaired, and

that the resultant explosion was due to such faulty repair work.

The law is clear. Mr. Justice Minturn, speaking for the Supreme Court, in *Sarno* v. *Gulf Refining Co.*, 99 *N. J. L.* 340; 124 *Atl. Rep.* 145; *affirmed*, 102 *N. J. L.* 223; 130 *Atl. Rep.* 919, stated the rule in the following language:

"The rule is now firmly established, that where the owner of lands undertakes to do a work, which in the ordinary mode of doing it, is a nuisance, he is liable for any injuries which may result from it to third persons, though the work is done by a contractor exercising an independent employment, and employing his own servants; but when the work is not in itself a nuisance, and the injury results from the negligence of such contractor or his servants in the execution of it, the contractor alone is liable, unless the owner is in default in employing an unskillful or improper person as the contractor." Citing the leading and well-considered case of *Cuff* v. *Newark and New York Railroad Co.*, 35 *N. J. L.* 17; 10 *Am. Rep.* 205, opinion by Chief Justice Depue.

We have searched in vain for any evidence tending to indicate that the repair work to the oil burner in question was in any way a nuisance, nor do we find any proof tending to show that defendants-appellants were in any way remiss in their choice of Milos System Devices to do the repair work. The evidence is all to the contrary. The repairs to the oil burner were not in themselves a nuisance, and the evidence clearly reveals that the independent contractor chosen by defendants-appellants was expertly qualified in this line of work. The rule governing the issue at bar is controlled by the decision of the Court of Errors and Appeals, in *Rosenquist et al.* v. *Brookdale Homes, Inc.*, 133 *N. J. L.* 305; 44 *Atl. Rep.* (*2d*) 33. That court, in an opinion by Mr. Justice Colie, said:

"* * * that; where one employs a contractor exercising an independent employment and hiring his own servants to do a work not in itself a nuisance, the contractor alone is liable for an injury resulting from the negligence of himself or his servants, unless the employer is in default in selecting

an unskillful or an improper person as contractor." Citing *Mann* v. *Max*, 93 *N. J. L.* 191; 107 *Atl. Rep.* 417, 418; 21 *A. L. R.* 1227. See, also, *Pickett* v. *Waldorf System, Inc.*, 241 *Mass.* 569; 136 *N. E. Rep.* 64; 23 *A. L. R.* 1014, for an expression of the Massachusetts Supreme Judicial Court to the same effect. See, generally, 27 *Am. Jur., Independent Contractors*, § 27.

In this posture of the proofs it was error to have denied defendants-appellants' motion to direct a verdict in their favor. This disposition of the matter renders it unnecessary to determine the questions raised by the other grounds of appeal.

The judgment under appeal is reversed, with costs.