13 N.J. Super. 334 (1951)
80 A.2d 460
NETTIE KAHN AND SAM KAHN, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
KING PETROLEUM CORPORATION, A CORPORATION OF THE STATE OF NEW JERSEY, AND MILES HOWIE, SR., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1951.
Decided May 2, 1951.
*336 Before Judges EASTWOOD, BIGELOW and FREUND.
Mr. Nicholas Martini argued the cause for the plaintiffs-appellants.
Mr. Hugh C. Spernow argued the cause for the defendant-respondent, King Petroleum Corporation (Messrs. Duffy & Ruggiero, attorneys).
Mr. Charles C. Stalter argued the cause for the defendant-respondent, Miles Howie, Sr.
The opinion of the court was delivered by EASTWOOD, J.A.D.
The plaintiff, Nettie Kahn, instituted an action against the defendants, King Petroleum Corporation (hereinafter referred to as "the corporation"), and Miles Howie, Sr., for damages allegedly caused by the negligence of defendants in the installation by the corporation of a fuel oil tank in the sidewalk immediately adjacent to the premises of the owner, Miles Howie, Sr., known as 913 Main Avenue, Passaic. At the conclusion of the trial before the Superior Court, Law Division, the court granted the motion of defendant, Miles Howie, Sr., for a judgment of dismissal. The case against the corporation was submitted to the jury which returned *337 a verdict of no cause of action. The plaintiffs appeal from the respective judgments of dismissal and no cause of action.
The essential facts are: Miles Howie, Sr., contracted with the corporation for the installation of an oil burner in his property. In performing the contract, the corporation excavated a portion of the sidewalk to accommodate the fuel oil tank, which remained open for several days and nights prior to September 16, 1949, when the tank was installed and the dirt filled in, around and over it. At approximately 9:30 o'clock on that night, Mrs. Kahn alleges that as she was walking along the sidewalk, she stumbled and fell over the mound of dirt and rock covering the tank and sustained her injuries; that for three or four nights prior thereto, while the work of installing the tank was going on, she had to walk in the road past Mr. Howie's premises; that on the night in question and, in fact, during the three or four preceding nights, there were no lights of any kind to indicate "that there was anything there," nor were there any barricades or railings; that it had the dirt and rock over it and "I couldn't see it until I fell. It was four or five inches higher than the regular ground"; that when she was picked up on the sidewalk she was four or five feet away from where the tank had been installed. Miles Howie, Jr., son of the defendant, testified that he saw Mrs. Kahn fall and at the time she was walking towards her husband's car and had passed the site of the installation of the burner; that he and Mr. Kahn picked her up and assisted her to the car; that the place where she fell was ten feet beyond the excavation. There was other testimony as to the condition of the sidewalk on the night in question; that the hole was covered with rock, slate and dirt piled four or five inches high and that there were no lights, barricades or railings installed at any time.
The plaintiffs contend that (1) "The excavation of a public street for the installation of a fuel oil tank is a nuisance per se and the charge of the court below on this point was erroneous"; (2) "The owner of real property for whose benefit *338 a public nuisance is created is not relieved of all liability by engaging an independent contractor and the judgment of dismissal by the court below in favor of defendant, Miles Howie, Sr., was erroneous"; (3) "The failure to place lights, barricades, or other warning at night around an area in the public street excavated for the installation of a fuel oil tank and filled in with earth and rock scattered over the area constitutes negligence for which the independent contractor is responsible as a matter of law"; (4) "The plaintiff, Nettie Kahn, was not guilty of such contributory negligence or assumption of risk as would bar recovery under the circumstances of this case and the court below erred in its charge on these questions"; and (5) "The verdict was against the weight of the evidence."
We will deal first with the appeal from the judgment of dismissal. Mr. Howie established that his contract with the corporation called for the installation of an oil burner in his property and, as an incident thereof, the corporation was required to install the fuel tank in the sidewalk and do the necessary work to restore the sidewalk to a proper condition. The proofs reveal that the corporation, in the performance of the contract, exercised exclusive supervision and control over the work; that at no time did Mr. Howie supervise or control the work; that, in fact, he was out of the State for most of the time during the installation of the burner. Under the circumstances, we are of the opinion that the corporation was an independent contractor and, therefore, Mr. Howie is not liable for the damages of the plaintiffs. Nor did the construction in question constitute a nuisance per se. Mann v. Max, 93 N.J.L. 191 (E. & A. 1919) and Savarese v. Fleckenstein, 111 N.J.L. 574 (Sup. Ct. 1933), affirmed 114 N.J.L. 275 (E. & A. 1935). In Mann v. Max, supra, the Court of Errors and Appeals determined that the general rule that a private obstruction of a public street constituted a nuisance was subject to several important exceptions connected with reasonable use by an abutting owner and that parking a vehicle for a reasonable length of time, obstructing passage to receive or deliver goods, piling building materials during construction *339 of a building and the maintenance of scaffolding and the like incident to construction work were examples of reasonable and lawful use by the abutting owner not appearing to be a nuisance. In that case it was said:
"And the rule is thoroughly settled that where one employs a contractor exercising an independent employment and hiring his own servants to do a work not in itself a nuisance, the contractor alone is liable for an injury resulting from the negligence of himself or his servants, unless the employer is in default in selecting an unskillful or an improper person as contractor. Cuff v. Newark and New York Railroad Co., 35 N.J.L. 17, 574; Redstrake v. Swayze, 52 Id. 129, 414."
This position has been consistently followed by our courts. Redstrake v. Swayze, 52 N.J.L. 129 (Sup. Ct. 1889); affirmed Ibid. 414 (E. & A. 1890); Bush v. Margolis, 102 N.J.L. 179 (E. & A. 1925); Savarese v. Fleckenstein, supra; Healy v. Sayre, 113 N.J.L. 308, 311 (E. & A. 1934); Rosenquist v. Brookdale Homes, Inc., 133 N.J.L. 305 (E. & A. 1945); Terranella v. Union Bldg. and Construction Co., 3 N.J. 443 (1950); Bacak v. Hogya, 4 N.J. 417, 422 (1950). There was no contention nor proof here that the owner was in default in selecting an unskilled or improper person as a contractor.
So far as the verdict of no cause of action is concerned, we find no error in the court's submission of the issues of negligence, contributory negligence and assumption of risk to the jury. The record reveals that the question of negligence was a sharply disputed one. Mrs. Kahn testified that she stumbled at the site of the installation and fell to the ground several feet west of it. Miles Howie, Jr., testified that he observed Mrs. Kahn walking west on Autumn Avenue; that she had passed the point of the installation and fell approximately ten feet west thereof. Mrs. Kahn asserts that she stumbled and fell over rocks and gravel from the excavation, whereas Miles Howie, Jr., testified that he observed no such debris. "The general supervisory power of the appellate tribunal which enables it to examine the propriety of jury verdicts and the *340 consequent judgments founded upon them is essentially remedial in character. The power is not exercised with a view of supplanting the appropriate function of the jury. It continues to be preeminently the mission of the jury to resolve the credibility of the testimony of the witnesses, to settle the facts, and to determine the inferences which ought to be logically and legitimately drawn from them. A verdict founded upon logical and legitimate inferences from facts established by evidence is normally conclusive. Smith v. Lorillard Co., 67 N.J.L. 361 (Sup. Ct. 1902)." Taylor v. Public Service Interstate Transportation Co., 13 N.J. Super. 125 (App. Div. 1951). Where, as here, fair-minded men might honestly differ as to the conclusions to be drawn from the proofs, the questions at issue should be submitted to the jury. Antonio v. Edwards, 5 N.J. 48, 52 (1950). Nor do we find anything in the record which would justify a conclusion that the verdict was occasioned by the influences of sympathy, or passion, or prejudice, or based upon mistake. Consequently, it should not be disturbed. Nusser v. United Parcel Service of N.Y., Inc., 3 N.J. Super. 64 (App. Div. 1949).
As to the questions of Mrs. Kahn's contributory negligence and assumption of risk, we conclude that the court properly submitted those issues to the jury. While the testimony that the corporation had at all times failed to place warning lights, railings and barricades at the scene of its work was not seriously controverted, Mrs. Kahn admitted that she had passed the work in progress for three or four successive nights prior to her accident; that she was aware of the excavation and installation of the tank; and in order to pass the scene of operations, had walked in the street. "One's right to protection from the negligence of others carries with it the duty of reasonable care for his own safety. The inquiry is whether the traveler, by the exercise of ordinary or reasonable care, would have discovered the danger and avoided it." Milstrey v. Hackensack, 6 N.J. 400, at p. 414 (1951).
*341 Nor do we find that the court committed any error in charging the jury on the questions of nuisance per se and nuisance resulting from the negligence of the corporation. The plaintiffs contend that the court should have charged the jury, in effect, "that the excavation of the sidewalk for the installation of the fuel tank in the instant case was a nuisance per se * * *." The plaintiffs, in support of their contention, cite the cases of Durant v. Palmer, 29 N.J.L. 544 (E. & A. 1862) and McHugh v. Hawthorne B. & L. Assn., 118 N.J.L. 78 (Sup. Ct. 1937). An examination of these cases reveals, however, that they dealt with situations where the obstruction was of a continuing nature, thereby incommoding or impeding the public's lawful use and constituted a nuisance per se. We are satisfied that the court properly held and charged that under the proofs the negligence, if any, of the defendant, was not a nuisance per se but one resulting from the corporation's negligence. "Nuisance as a legal concept has more than one meaning. Where it does not have its origin in negligence, it is sometimes characterized as an `absolute' nuisance, * * *." On the other hand, where the nuisance is not an absolute one it may be, as here, grounded in and the result of negligence. Hammond v. County of Monmouth, 117 N.J.L. 11, 16 (Sup. Ct. 1936).
We deem it unnecessary to discuss in detail the plaintiffs' criticisms of the court's charge and failure to charge certain requests. Our reading of the entire charge convinces us that the legal principles applicable under the evidence in the case were fairly and adequately presented to the jury; therefore, no error can be predicated on the plaintiffs' grounds of appeal with respect thereto. O'Brien v. Bilow, 121 N.J.L. 576 (E. & A. 1939); Paolercio v. Wright, 2 N.J. 412 (1949); Kurkjian v. Wolpin, 5 N.J. Super. 429 (App. Div. 1949)
The judgment of the Law Division is affirmed.