15 N.J. Super. 322 (1951)
83 A.2d 341
JEAN TEDESCHI, PLAINTIFF-APPELLANT,
v.
SILVER ROD-PATERSON, INC., & C., DEFENDANT-RESPONDENT, AND MIKE MACCHIARELLI AND SILVER ROD STORES, INC., & C., DEFENDANTS. JEAN TEDESCHI, PLAINTIFF-APPELLANT,
v.
MIKE MACCHIARELLI, DEFENDANT-RESPONDENT, AND SILVER ROD-PATERSON, INC., & C., AND SILVER ROD STORES, INC., & C., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued August 27, 1951.
Decided September 20, 1951.
*324 Before Judges WILLIAM A. SMITH, FREUND and WOODS.
Mr. Hyman W. Rosenthal argued the cause for the plaintiff-appellant (Messrs. Marcus & Levy, attorneys; Mr. Harry Chashin and Mr. Max D. Forrest, of counsel).
Mr. Joseph J. DeLuccia argued the cause for the defendants-respondents (Mr. A. Leo Bohl, attorney for the defendant-respondent, Silver Rod-Paterson, Inc.; Mr. Joseph Cappa, attorney for the defendant-respondent, Mike Macchiarelli).
*325 The opinion of the court was delivered by FREUND, J.S.C.
The plaintiff appeals from a judgment of dismissal entered in favor of the defendant, Silver Rod-Paterson, Inc., and from a judgment for the defendant, Mike Macchiarelli, entered upon a jury verdict of no cause of action.
Silver Rod-Paterson, Inc., operates a retail drug store at No. 135 Main Street, in the City of Paterson. The defendant, Mike Macchiarelli, a waste and garbage collector, each day removes from the cellar of the store empty cartons and refuse, for which he receives $1 a week and the salvage. Silver Rod's porter, Mortimer Edsall, assists Macchiarelli by opening the sidewalk cellar doors and handing the cartons up to the sidewalk. On December 11, 1948, the plaintiff had made a purchase in the Silver Rod store and as she came out and walked along the sidewalk, the cellar doors were open and she was struck by a box allegedly thrown from the cellar by both Edsall and Macchiarelli. The suit was brought to recover for injuries suffered by her.
The plaintiff testified:
"Q. Who threw the box? A. Both of them together. They threw it right out.
Q. They both threw it together? A. Yes, sir.
By the Court:
Q. You saw two men in the cellar? A. Yes, sir, a young fellow and an elderly man.

* * * * * * * *
Q. Now, you don't know who threw the box. A. The older man and the young fellow, too."
The plaintiff then proceeded to identify the older man as Macchiarelli and the young fellow as Edsall.
Both Macchiarelli and Edsall denied throwing the box out of the cellar. Edsall testified that on the morning in question, he was removing the empty boxes from the cellar; that he was working with Macchiarelli; that he handed the boxes to Macchiarelli who placed them on the sidewalk, from where his helper took them to his truck at the curb. Macchiarelli testified that he had been doing this work for Silver Rod *326 since about 1942; that he does similar work for others; that he owns his truck and employs a helper.
On motion of the defendant, Silver Rod-Paterson, Inc., the court entered judgment in its favor on the ground that Macchiarelli was not its agent or employee, but an independent contractor for whose negligence it was not liable. Where one employs a contractor exercising an independent employment and hiring his own servants to do a work not in itself a nuisance, the contractor alone is liable for an injury resulting from the negligence of himself or his servants, unless the employer is in default in selecting an unskilled or an improper person as contractor. Cuff v. Newark & N.Y.R.R. Co., 35 N.J.L. 17 (Sup. Ct. 1870), affirmed 35 N.J.L. 574 (E. & A. 1871); Redstrake v. Swayze, 52 N.J.L. 129 (Sup. Ct. 1889), affirmed 52 N.J.L. 414 (E. & A. 1890); Mann v. Max, 93 N.J.L. 191 (E. & A. 1919), 21 A.L.R. 1227; Bacak v. Hogya, 4 N.J. 417, 422 (1950); Kahn v. King Petroleum Corp., 13 N.J. Super. 334 (App. Div. 1951).
Conceding, arguendo, that the court correctly determined Macchiarelli to be an independent contractor, nevertheless, the trial court erred in dismissing the defendant, Silver Rod-Paterson, Inc. The plaintiff specifically testified that Edsall, Silver Rod's employee, and Macchiarelli together threw the box from the cellar. It is an often stated rule that, on a motion for judgment, the trial judge cannot weigh the evidence, but must accept as true all the evidence which supports the plaintiff's view, together with all the legitimate inferences to be drawn therefrom. Visaggi v. Frank's Bar & Grill, Inc., 4 N.J. 93 (1950). Where fair-minded men might honestly differ as to the conclusions to be drawn from the proofs, the questions at issue should be submitted to the jury. Fischetto Paper Mill Supply, Inc., v. Quigley Co., Inc., 3 N.J. 149 (1949); Mellon v. Pennsylvania-Reading Seashore Lines, 7 N.J. 415 (1951). The testimony contains conflicting stories of the accident, but on the motion to dismiss the plaintiff's version must be taken as true. Hence, the case should have gone to the jury both as to Silver Rod-Paterson, *327 Inc., on account of its employee, Edsall, and as to Macchiarelli, as an independent contractor, as, according to the plaintiff, they were acting jointly.
Further, continuing to concede, arguendo, that Macchiarelli was an independent contractor, the removal of the cartons from the cellar to the sidewalk was one continuous operation jointly performed by Silver Rod through its employee, Edsall, and Macchiarelli, as independent contractor  they were working together. There was no hiatus or break between the work of Edsall and that of Macchiarelli. The situation is not comparable to that wherein a property owner places upon his property refuse which is later picked up by a garbage collector. However, if two or more persons, even though not acting in concert, occasion an injury through their negligence, they are severally liable. Lombardi v. Yulinsky, 98 N.J.L. 332 (Sup. Ct. 1923); 65 C.J.S., sec. 102, page 645.
At common law, in cases of joint tortfeasors, a reversal as to one would be a reversal as to all. Under the Practice Act of 1912 and the court rules adopted thereunder, the court was vested with discretion as to whether or not a reversal should be as to all defendants. Drotar v. Pennsylvania R.R. Co., 120 N.J.L. 199 (Sup. Ct. 1938), affirmed 123 N.J.L. 201 (E. & A. 1939). Although there is no exact counterpart in the present court rules, the Supreme Court in Ferry v. Settle, 6 N.J. 262, 265 (1951), held that the courts have discretionary power to order a new trial as to all defendants. Justice Oliphant declared: "Each case in which the present or a similar problem is presented must be considered and decided in the ambit of its own peculiar facts and circumstances." In the instant case, the jury found for the defendant Macchiarelli, but because the dismissal of the defendant, Silver Rod-Paterson, Inc., may have been prejudicial to the plaintiff, we believe that justice demands the exercise of judicial discretion in ordering a new trial as to both defendants.
Judgment accordingly, costs to abide the event.