VINCENT LOMBARDI, ADMINISTRATOR AD PROSEQUEN-
DUM OF CRESCENZO LOMBARDI, DECEASED, RE-
SPONDENT, v. ESIDORE YULINSKY, APPELLANT.

Submitted December 8, 1922—Decided March 12, 1923.

1. In estimating the damages in an action for wrongful death, the
jury may properly consider gifts made by the decedent, prior to
his death, to the beneficiaries in the action, and evidence thereof
is admissible, even though such beneficiaries are adults and
married.

2. While evidence of changes made subsequent to the injury, or pre-
cautions taken subsequently, to prevent the recurrence of in-
jury, is not admissible for the purpose of showing negligence, or
as amounting to an admission of negligence, yet where the defend-
ant has testified that he invariably put up danger lights at night,
and the evidence tended to show that the accident resulted from
the absence of a light, it was competent to ask him on cross-ex-
amination if he put up a light after the accident, for the purpose
of affecting his credibility as a witness; and when so admis-
sible the trial judge should be requested to instruct the jury to
limit its application to the purpose for which it was competent.

3. If two or more persons, though not acting in concert. occasion an
injury through their negligence, they are severally liable for the
consequences.

4. Where a person riding in an automobile is injured by collision
with a pile of bricks, placed in the highway by a contractor, in
consequence of the joint neglect of the contractor to maintain a
light upon the bricks and of the driver of the automobile with
whom he was riding to keep a lookout, he may recover against the
contractor alone.

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the appellant, Riker & Riker, and Theodore McC.
Marsh.

For the respondent, Lichtenstein & Lichtenstein.

The opinion of the court was delivered by

TRENCHARD, J. Crescenzo Lombardi was riding in an automobile, driven by the owner thereof, one Coppola, along Bergen avenue in Jersey City, at nine-thirty P. M., on November 8th, 1921. The automobile collided with a pile of bricks placed in the roadway by Esidore Yulinsky, a contractor, engaged in erecting an apartment house at that point, and Lombardi was killed in the collision. The plaintiff, as administrator *ad prosequendum* of decedent, brought this action under the Death act (*Comp. Stat., p.* 1907) and supplement (*Pamph. L.* 1917, *p.* 531) for damages, and recovered a verdict. At the trial the evidence tended to show that there was no light upon this pile of bricks to indicate the presence of danger to travelers on the highway.

The first reason why we are asked to set aside the judgment entered on the verdict is that it was error to permit one of the decedent's children (who was an adult and married) to testify that on one occasion, a few years before the death of the decedent, he had assisted the witness, his son, financially in purchasing a house by a gift of $800. The testimony was offered, of course, for the purpose of supporting the claim that pecuniary injury had been sustained. The argument is that it was incompetent for that purpose. Not so. In estimating the damages in an action for wrongful death, the jury may properly consider gifts made by the decedent, prior to his death, to the beneficiaries in the action, and evidence thereof is admissible, even though such beneficiaries are adults and married. *Demarest* v. *Little,* 47 *N. J. L.* 28; *Polo* v. *Palisade Construction Co.,* 75 *Id.* 873; *Smith* v. *Barnard,* 82 *Id.* 472.

The next point is that there was error in the cross-examination of the defendant. The defendant had testified that invariably he himself installed danger lights on this pile of bricks, except on Friday and Saturday nights, when he always instructed his watchman to do it. In this situation he was asked this question, on cross-examination: "Did you not put a light there on that pile of bricks after the accident?"

The contention is that the question was improper under the doctrine of *Perry* v. *Levy*, 87 *N. J. L.* 670, which holds that evidence of changes made subsequent to the injury, or precautions taken subsequently, to prevent the recurrence of injury, is not admissible for the purpose of showing negligence, or as amounting to an admission of negligence. Of course the testimony sought was not admissible for the purposes mentioned in the cited case, but it was competent for the purpose of affecting the credibility of the defendant as a witness in view of his testimony on his direct examination. Where, as here, the testimony was competent for one purpose but not for another, the trial judge should have been requested by defendant's counsel to instruct the jury to limit its application to the purpose for which it was competent. This was not done, and apparently for the reason that the answer to the question was harmless to the defendant.

The next point is that the court erroneously permitted a witness called by the plaintiff to testify with relation to the non-existence of these lights on nights preceding the accident. The testimony was avowedly offered and admitted solely for the purpose of affecting the defendant's credibility as a witness, and, like the earlier question, was competent for that purpose.

The next point is that the trial judge erred in refusing to direct a verdict for the defendant. We think not. This contention is predicated upon the theory that the decedent's death was caused solely by the negligence of the driver of the automobile in which he was riding. But that is not so. At best for the defendant it was caused by the combined negligence of the driver and of the defendant. If the negligence of the driver be conceded, then the evidence tended to show that the accident was caused by the joint negligence of the driver in not keeping a proper lookout, and of the defendant in not properly warning travelers on the highway of the danger threatened by the existence of the pile of bricks. Of course, if two or more persons, though

not acting in concert, occasion an injury through their negligence, they are severally liable for the consequences. And where, as here, a person riding in an automobile is injured by collision with a pile of bricks, placed in the highway by a contractor, in consequence of the joint neglect of the contractor to maintain a light upon the bricks and of the driver to keep a lookout, he may recover against the contractor alone. *Newman* v. *Fowler*, 37 *N. J. L.* 89; *Matthews* v. *Delaware, Lackawanna and Western Railroad Co.*, 56 *Id.* 34.

The foregoing conclusions in effect dispose of every question raised and argued, including the refusal of the requests to charge.

The judgment will be affirmed, with costs.