110 N.J. Super. 462 (1970)
266 A.2d 140
LORRAINE M. PRICE, AS GENERAL ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOSEPH R. PRICE, DECEASED, PLAINTIFF-APPELLANT,
v.
BUCKINGHAM MANUFACTURING COMPANY, INC., DEFENDANT, AND R.H. BUHRKE, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 8, 1970.
Decided June 15, 1970.
*464 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. James H. Smith argued the cause for appellant (Messrs. Reussille, Cornwell, Mausner & Carotenuto, attorneys).
Mr. Phillip Auerbach argued the cause for respondent (Messrs. Drazin, Warshaw, Auerbach & Rudnick, attorneys).
PER CURIAM.
Our disposition of the points of appeal argued is as follows:
1. The verdict was not against the weight of the evidence. In fact, plaintiff's case for a defect in the safety belt was marginal at best.
2. There was no error in admitting into evidence specifications for safety belts adopted by other large users of such equipment such as the Bell System and the United States Government. See McComish v. DeSoi, 42 N.J. 274 (1964). That this was a strict liability case rather than a negligence case does not affect the matter. A "defect," for strict liability purposes, exists where the article is not reasonably fit for the ordinary purposes for which such articles are sold and used. Santor v. A & M Karagheusian, Inc., 44 N.J. 52, 66-67 (1965). Industry practices would seem as relevant in relation to that criterion as where the issue is negligence in manufacture.
3. There was no error in disallowing evidence as to modification of the belt-snap by Public Service after this accident. Subsequent remedial measures are not evidential in relation to the issue of negligence. Rule 51 of the Rules of Evidence. By the same rationale that underlay the conclusion *465 stated in the preceding paragraph such evidence should be equally inadmissible where the basis of the action is strict liability on the theory of unsafe design in manufacture.
4. The refusal of the trial court to allow proof of the results of a simulated reenactment of the accident was not error. This lay in the sound discretion of the court, and we find no mistaken exercise of discretion.
5. We find no error in the court's permitting the issue of contributory negligence to go to the jury nor in respect of the other assignments of error in relation to the court's charge to the jury.
Judgment affirmed.