170 N.J. Super. 403 (1979)
406 A.2d 978
GREGORY LAVIN, AN INFANT BY HIS GUARDIAN AD LITEM, EUGENE LAVIN, AND EUGENE LAVIN, IND., PLAINTIFFS-APPELLANTS,
v.
THERESA FAUCI, STEVE FAUCI AND LOUIS MARX & COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1979.
Decided October 1, 1979.
*405 Before Judges BISCHOFF, BOTTER and DWYER.
Joseph P. Schiappa argued the cause for appellants (Schwartz & Schiappa, attorneys).
James D. Martin argued the cause for respondent Louis Marx & Company (Lynch, Mannion & Lewandowski, attorneys).
The opinion of the court was delivered by BISCHOFF, P.J.A.D.
Infant plaintiff Gregory Lavin was struck by a car when he lost control of his Big Wheel, a three-wheeled toy vehicle, which carried him into a street and across the path of an oncoming car. A jury found no liability on the part of either the driver of the car or Louis Marx & Company, manufacturer of the Big Wheel. Plaintiff appeals from the judgment entered in favor of Louis Marx & Company and the sole question argued is whether the trial judge properly prohibited plaintiffs from probing defendant-manufacturer's *406 design modifications of the Big Wheel subsequent to purchase of the toy.
On February 13, 1973 the seven-year-old plaintiff was riding on his brother's Big Wheel, along with some friends. The boys would ride in an oval pattern on a driveway, beginning at the garage and turning around on the sidewalk near the street. During one of his rides plaintiff "lost control" of his Big Wheel because he "was going too fast." As he approached the street he was unable to turn the vehicle onto the sidewalk and continued into the roadway. He was unable to stop the vehicle by dragging his feet. Plaintiff did not see any car coming prior to being struck.
On behalf of plaintiffs Seiden, a safety engineer, testified that the Big Wheel sold to plaintiff was unsafe because it did not have a mechanical braking system. He further stated that adequate systems were then known in the industry and were both economically and technologically feasible. He opined that the absence of a brake caused plaintiff's accident.
During cross-examination of defendant's independent expert, Roy Rice, plaintiffs' counsel elicited Rice's opinion that an effective braking device would not be economical on the Big Wheel and that such a brake would be a "disservice." Counsel promptly sought to introduce a Big Wheel manufactured after the accident in order to attack Rice's credibility, arguing that since the later model did have a mechanical brake, Rice's opinion should be discredited. The trial court denied the application without comment, although it is clear from the judge's earlier comments that he was relying upon Evid. R. 51. On appeal plaintiffs argue that the evidence should have been admitted under the credibility exception to that evidence rule.
Evid. R. 51 reads as follows:
When after the occurrence of an event remedial or precautionary measures are taken, which, if taken previously would have tended to make the event less likely to occur, evidence of such subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event.
*407 The rule has been expressly applied to actions in strict liability. Price v. Buckingham Mfg. Co., Inc., 110 N.J. Super. 462, 464-465 (App.Div. 1970).[1]
Evidence of subsequent remedial repairs may be admitted for purposes other than to prove negligence or culpable conduct, e.g., to establish control over the instrumentality causing the injury, Manieri v. Volkswagenwerk, 151 N.J. Super. 422, 432 (App.Div. 1977); to show defendant's customary standard of care, Ryan v. Port of New York Auth., 116 N.J. Super. 211, 219 (App.Div. 1971); to prove the condition existing at the time of the accident, Millman v. U.S. Mortgage & Title Guar. Co., 121 N.J.L. 28, 34-35 (Sup.Ct. 1938); to show that a feasible alternative for avoiding the danger existed at the time, Apgar v. Hoffman Constr. Co., 124 N.J.L. 86, 90 (E. & A. 1940), and to attack the credibility of a witness, Lombardi v. Yulinsky, 98 N.J.L. 332, 334 (Sup.Ct. 1923). Accord, Hansson v. Catalytic Constr. Co., 43 N.J. Super. 23, 27 (App.Div. 1956). Plaintiffs seek to come within the credibility exception.
We agree with plaintiffs that the Big Wheel designed and manufactured after the accident should have been admitted to attack Rice's credibility. Rice testified that an effective lever brake would not have been economically feasible. But a later model manufactured by defendant apparently incorporated a hand-operated lever brake, a fact which would appear to question Rice's opinion that such a brake would not be economically feasible. Furthermore, the introduction of this evidence would have permitted cross-examination of Rice to determine if his *408 opinion was based upon actual testing and experiments, or theory alone. The trial judge could have guarded against improper use of the evidence by giving a limiting instruction.
Whether this error was reversible, however, is more troublesome. The jury was faced with two conflicting expert opinions regarding the safety of Big Wheel. Plaintiffs' expert (Seiden) stated that an appropriate brake was then known in the industry and that the need for it should have been foreseen. He further opined that the presence of a brake could have either mitigated or avoided the injury which occurred. On the other hand, defendant's expert (Rice) concluded that a brake was not required, since the foot-dragging system was more effective than a lever brake operating on one wheel. Had plaintiffs been permitted to attempt to impeach Rice's credibility, the jury might have discounted Rice's view and accepted that of Seiden. Of course, even if Rice was discredited, the jury still could have rejected Seiden's testimony.
Defendant argues that any error was harmless in view of the jury's finding the infant plaintiff guilty of contributory negligence. It is true that had the jury rejected Rice's opinion and found defendant strictly liable to the plaintiffs in tort, it still could have found the infant plaintiff to have been contributorily negligent, in which case the error would be harmless. But it is impossible to know to what extent the jury's finding on contributory negligence was influenced by the error. For example, its verdict might have been based upon Rice's testimony that the foot-dragging system was wholly adequate, from which the jury could have concluded that the boy was negligent in not being able to stop the vehicle sooner. But if Rice were discredited, the jury could have concluded from Seiden's testimony that no seven-year-old could have stopped or turned in time without the needed brake. Thus, that the jury found the infant plaintiff guilty of contributory negligence does not evidence the harmlessness of the error, since that finding might have been induced *409 by the error itself. To the extent that the effect of the error is uncertain, we think it was "clearly capable of producing an unjust result." R. 2:10-2.
Plaintiffs also contend the trial judge erred in prohibiting them from reading to the jury two interrogatories and defendant's responses which related to defendant's modifications of the Big Wheel after plaintiffs purchased their model but before the accident. The judge held that changes made after a purchase, as well as after an event, are inadmissible under Evid. R. 51.
We disagree with the judge's interpretation of the rule's scope. It bars evidence of remedial measures taken "after the occurrence of an event," which, if taken before the event, would have lessened the likelihood of its occurrence. Obviously "event" refers to the accident, not to the date on which the instrumentality which caused the event came into plaintiff's hands. The purpose of the rule is to avoid discouraging "remedial safety measures taken in order to prevent the recurrence of a similar accident." Hansson v. Catalytic Constr. Co., supra, 43 N.J. Super. at 28. It has been held that evidence of measures taken after a purchase but before any accident would not be inadmissible under rules similar to Evid. R. 51. Rozier v. Ford Motor Co., 573 F.2d 1332, 1343 (5 Cir.1978). Such evidence would be probative of the standard of care in the industry at the time. The accident here occurred in February 1973, about six months after purchase. Defendant offered, through interrogatories, evidence of a model manufactured by defendant with a brake before the accident. That is some evidence of the perceived safety needs of such vehicles. At the new trial, plaintiffs should be permitted to explore defendant's pre-accident modifications.
The judgment entered in favor of Louis Marx & Company is reversed and the case against that defendant is remanded for a new trial.
NOTES
[1] For cases from other jurisdictions refusing to apply a similar exclusionary rule of evidence in strict liability cases, see Robbins v. Farmers Union Grain Terminal Ass'n, 552 F.2d 788 (8 Cir.1977); Farner v. Paccar, Inc., 562 F.2d 518 (8 Cir.1977); Shaffer v. Honeywell, Inc., 249 N.W.2d 251 (S.D. 1976); Ault v. International Harvester Co., 13 Cal.3d 113, 117 Cal. Rptr. 812, 528 P.2d 1148 (Sup.Ct. 1974); Sutkowski v. Universal Marion Corp., 5 Ill. App.3d 313, 281 N.E.2d 749 (App.Ct. 1972).