# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARJORIE SIMS AND LAURIE A.
KELP, AS PERSONAL
REPRESENTATIVES OF THE ESTATE
OF SARAH SIMS, DECEASED,
Appellants,
vs.
SANJAY VOHRA, M.D.,
Respondent.

No. 77728

FILED

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment on a jury verdict in a medical malpractice action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Appellants brought a claim for medical negligence against respondent Sanjay Vohra, M.D., after Sarah Sims died during a cardiac catheterization procedure Dr. Vohra performed. After trial, the jury returned a verdict in Dr. Vohra's favor, and the district court entered judgment accordingly.

We first address appellants' evidentiary arguments, reviewing the district court's decision to exclude expert testimony for an abuse of discretion. *Leavitt v. Siems*, 130 Nev. 503, 509, 330 P.3d 1, 5 (2014). Appellants argue that the district court committed reversible error by limiting their expert, Dr. Schapira, from testifying about the significance of certain tests. We disagree. Our review of the record demonstrates that, during appellants' case-in-chief, Dr. Schapira testified about the significance of those tests and his opinions as to whether proceeding with a cardiac catheterization procedure despite the results of those tests fell

below the standard of care. As such, the district court did not exclude the testimony and any error resulting from limits on Dr. Schapira's testimony about the tests at other times during trial is harmless. *See* NRCP 61 (explaining that a verdict should not be disturbed due to harmless error); *Bomar v. United Resort Hotels, Inc.*, 88 Nev. 344, 346, 497 P.2d 898, 899 (1972) (concluding that a district court's decision to exclude evidence was harmless error where the "evidence was before the jury in other ways"); *see also Pizarro-Ortega v. Cervantes-Lopez*, 133 Nev. 261, 268, 396 P.3d 783, 789 (2017) (same).[1]

We also disagree that the district court's denial of appellants' for-cause challenge to two prospective jurors constitutes reversible error, as the totality of the record shows that the prospective jurors could set aside their opinions and follow the district court's instructions in rendering a verdict. *See Boonsong Jitnan v. Oliver*, 127 Nev. 424, 431-32, 254 P.3d 623, 628-29 (2011) (reviewing for-cause challenges to prospective jurors for an abuse of discretion and finding no abuse when jurors' statements show their willingness to follow court instructions). And we are not persuaded that the district court's decision effectively deprived appellants of the two peremptory challenges used to remove those prospective jurors, as appellants have not shown that a member of the empaneled jury was unfair or partial. *See id.* at 434, 254 P.3d at 630 (rejecting an argument that the

---

[1]For this same reason, we reject appellants' argument that the district court committed reversible error by excluding Dr. Schapira's rebuttal opinions. *See Andrews v. Harley Davidson, Inc.*, 106 Nev. 533, 539, 796 P.2d 1092, 1096 (1990) (explaining that rebuttal evidence is that which explains or contradicts new matters raised during the defendant's case-in-chief). We further note that the district court did not exclude Dr. Schapira's rebuttal testimony, as appellants elected not to recall Dr. Schapira due to scheduling conflicts.

curative use of peremptory challenges constitutes reversible error when the party failed to show that the seated jury was unfair or partial). Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Joanna Kishner, District Judge
Kristine M. Kuzemka, Settlement Judge
Law Offices of Steven M. Burris, LLC
Schuering Zimmerman & Doyle LLP
Mandelbaum, Ellerton & Associates
Lemons, Grundy & Eisenberg
Eighth District Court Clerk